# SEALED

FILED

**SEALED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2012 NOV 28  PM 1:17

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Case No. |
| Plaintiff, | * | **INDICTMENT** SA12CR1063FB |
| v. | * | |
| | * | [Vio.: 18 U.S.C. § 1001(a)(1), |
| GUME ROBERTO GARZA, a/k/a | * | Federal Agency Falsification Scheme; |
| Gumercindo Garza Perez, | | 18 U.S.C. § 1015(a), False Under-Oath |
| Gumercindo Garza-Perez, | * | Statements in Naturalization Matter; |
| Gumercindo P. Perez, | | 18 U.S.C. § 1425(a) and 8 U.S.C. § 1451(e), |
| Gumercindo Perez Garza, Gume P. Garza, | * | Unlawful Procurement of Naturalization] |
| Gume Garza, Gerardo Vasquez, | | |
| Gerardo Vazquez, | * | |
| Defendant. | * | |

THE GRAND JURY CHARGES:

## COUNT ONE
[18 U.S.C. § 1001(a)(1)]

### A.   INTRODUCTION

At all times relevant to this Count:

1.      *Pertinent United States federal agencies.*  The Department of State had the

responsibility for considering and acting upon applications by foreign citizens living abroad for

immigrant visas into the United States.  The Immigration and Naturalization Service (INS) and

its successor federal government agency—the Department of Homeland Security (DHS),

including its sub-agency, the United States Citizenship and Immigration Services (USCIS)—had

the responsibility for considering and acting upon applications for naturalized United States

citizenship.

2.      *Naturalization requirements*.  In 2009 and 2010, a person who applied to

become a naturalized citizen of the United States ("naturalization applicant") had to meet

several legal requirements.  These included, but were not limited to:  lawful admission into

the United States as a permanent resident alien, "good moral character," demonstrated

understanding of the English language and fundamentals of United States history and

government, and an under-oath ceremony declaration of allegiance to the United States, its

Constitution, and laws.  Failure to meet any of these requirements made a naturalization

applicant ineligible for naturalization.  The naturalization applicant bore the burden of

proving to immigration authorities his eligibility for naturalization.

   3.     *The immigrant visa application*.  In 1993 and 1994, a Mexican national

seeking to become a permanent resident alien abroad prior to applying for naturalization

("immigrant visa applicant" or "applicant") was required to truthfully complete and submit

to the United States Consulate in Cuidad Juarez, Mexico, an "Application for Immigrant

Visa and Alien Registration" (Form OF-230).  The Form OF-230 warned that any false

statement or concealment of a material fact by the immigrant visa applicant may result in

his permanent expulsion from the United States, and that a fraudulent entry could be

grounds for his prosecution and/or deportation; called for the applicant to provide his

biographical data, including all the names he had used or by which he was known; and

required the applicant's sworn declaration concerning whether he was ineligible to receive

an immigrant visa by virtue of his having been convicted of, or his having admitted

committing, a violation of any law relating to a controlled substance.

The immigrant visa applicant was required to meet in person concerning the application with a United States consular official in Mexico. The applicant was required to swear under oath before the United States consular official acknowledging that: all statements appearing on the immigrant visa application were made by the applicant; the applicant understood all such statements after receiving the opportunity to request and obtain an explanation on any point which was not clear to the applicant; all such statements were true and complete to the best of the applicant's knowledge and belief; and any willfully false or misleading statement or willful concealment of a material fact by the applicant may result in his permanent expulsion from the United States and, if he is admitted to the United States, may subject him to criminal prosecution and/or deportation.

Information furnished by the applicant about his criminal history was critical to the consular official's consideration of and action taken upon the immigrant visa application. A person granted an immigrant visa was entitled to present himself for admission into the United States as a permanent resident alien.

4.    *The naturalization application*.  In 2009 and 2010, a lawful permanent resident of the United States for at least five years seeking naturalization was required to truthfully complete and submit an "N-400 Application for Naturalization." The Form N-400 called for the naturalization applicant to certify under penalty of perjury under the laws of the United States that his statements on the naturalization application were true and correct. Such statements included, but were not limited to, biographical information about the naturalization applicant and his eligibility for naturalization, such as all the names he

3

had ever used as his own, and whether he had ever:  claimed to be a United States citizen;

been arrested, cited, or detained by any law enforcement officer for any reason; been

charged with committing any crime or offense; been convicted of any crime or offense;

been placed on probation; been in jail or prison; given false or misleading information to

any United States government official while applying for any immigration benefit or to

prevent deportation, exclusion, or removal; or lied to any United States government official

to gain entry or admission into the United States.  The Form N-400 required that the

applicant disclose information about his criminal record "even if your records were sealed

or otherwise cleared or if anyone, including a judge, law enforcement officer, or attorney,

told you that you no longer have a record."

As part of the naturalization-application process, the naturalization applicant was

required to appear in person for an interview by an immigration services officer, submit to

questioning by that officer, swear under penalty of perjury under the laws of the United

States that his application statements were true and correct, and sign the naturalization

application.  Information furnished by the applicant about his criminal history was critical

to USCIS' consideration of and action taken upon the naturalization application.  Following

approval of the naturalization application, a permanent resident alien became a naturalized

citizen of the United States when, at a public ceremony, he swore sole allegiance to the

United States, its Constitution, and laws.

5.    _Ineligibility for an immigrant visa_.  In 1993 and 1994, an immigrant visa applicant was ineligible for an immigrant visa and admission into the United States as a permanent resident alien if, among other reasons:

a.    The consular or immigration officer knows or has reason to believe that the applicant is or has been an illicit trafficker in any controlled substance (as defined in 21 U.S.C. § 802), or is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any controlled substance, or endeavored to do so (8 U.S.C. § 1182(a)(2)(C)); or

b.    The applicant was convicted of, admits having committed, or admits committing acts which constitute the essential elements of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (8 U.S.C. § 1182(a)(2)(A)(i)(II)); or

c.    The applicant, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) an immigrant visa or admission into the United States (8 U.S.C. § 1182(a)(6)(C)(i)).

6.    _Ineligibility for naturalization_.  In 2009 and 2010, a naturalization applicant was ineligible for naturalization if, among other reasons, the applicant:

a.    Had not been lawfully admitted into the United States for permanent residence (8 U.S.C. § 1429); or

b.    Had, by fraud or willfully misrepresenting a material fact, procured an immigrant visa or admission into the United States (8 U.S.C. § 1182(a)(6)(C)(i)).

5

B.   <u>FORMATION OF THE SCHEME, TRICK, AND DEVICE</u>

The following facts, circumstances, and acts relate to the Defendant's scheme, trick, and device hereinafter charged, to unlawfully obtain and unlawfully maintain legal status to remain within the United States:

1.   *The Defendant's false identity, through Texas driver's license, as United States citizen Gerardo Vazquez.*  Beginning on or about November 8, 1984, and continuing to on or about June 15, 1993, the Defendant–a citizen of Mexico then without authorization to be in the United States and whose true name was Gumercindo Garza-Perez (or a variation thereof)–secured and retained a Texas driver's license bearing the name, social security number, and date of birth belonging to United States citizen Gerardo Vazquez.

2.   *The Defendant's first drug arrest in Texas as Gerardo Vasquez (or Gerardo Vazquez).*  On or about March 5, 1989, in Duval County, Texas, the Defendant—who then had no legal authorization to be present within the United States—was detained, arrested, and placed in jail for the Texas state felony offense of possession of more than 50 pounds, but less than 200 pounds, of marijuana.  In connection with that detention, arrest, and jailing, the Defendant falsely identified himself to law enforcers as Gerardo Vasquez/Vazquez, using the date of birth and social security number of United States citizen Gerardo Vazquez.  The Defendant as Gerardo Vasquez/Vazquez confessed in writing that for $3,000 he transported, and conspired with another to transport, marijuana.

6

3.      On or about March 7, 1989, the Defendant signed a bail bond as Gerardo

Vasquez/Vazquez, and he was released from jail on bond.

4.      On or about June 12, 1989, the Defendant as Gerardo Vasquez/Vazquez

judicially confessed to knowingly, intentionally, and unlawfully committing all the acts

with which he was criminally charged—namely the Texas state felony offense of

aggravated possession of marijuana (over 50 but less than 200 pounds)—and the Defendant

pleaded guilty to that offense.

5.      On or about June 12, 1989, a district judge in Duval County, Texas,

accepted the Defendant's guilty plea, found the Defendant guilty of aggravated possession

of marijuana, and sentenced the Defendant under the name Gerardo Vasquez to probation

for eight years and a $1,000 fine.  The district judge also ordered that the vehicle through

which the Defendant possessed the marijuana (approximately 140 pounds) be forfeited to a

Texas police department, finding that the vehicle was derived from the sale, distribution,

and delivery of marijuana.

6.      *The Defendant's second drug arrest in Texas as Gerardo Vasquez/Vazquez.*

On or about February 27, 1992, in Laredo, Texas, the Defendant—who then had no legal

authorization to be present within the United States—was arrested, detained, and placed in

jail for the federal felony offense of conspiracy to possess with intent to distribute in excess

of 100 kilograms of marijuana.  In connection with that detention, arrest, and jailing, the

Defendant falsely identified himself to law enforcers as Gerardo Vasquez/Vazquez, using

the date of birth and social security number belonging to United States citizen Gerardo Vazquez.

7.     On or about February 28, 1992, the Defendant as Gerardo Vasquez had his initial appearance before a federal magistrate judge in Laredo, Texas, where he was jailed in lieu of bond.

8.     On or about March 4, 1992, the Defendant as Gerardo Vasquez was arraigned before a Laredo, Texas, federal magistrate judge, entered pleas of not guilty, and remained in federal custody.

9.     On or about March 20, 1992, the Defendant as Gerardo Vasquez appeared before a Laredo, Texas, federal district judge at a motion hearing.

10.     On or about April 16, 1992, the Defendant as Gerardo Vasquez appeared before a Laredo, Texas, federal district judge for a pretrial conference, and the district judge granted the government's motion to dismiss all charges against the Defendant.

11.     On or about April 17, 1992, the Defendant as Gerardo Vasquez was released from federal custody.

12.     *The Defendant's immigrant visa application in his true name*.  On or about March 2, 1994, the Defendant appeared before a United States consular officer in Ciudad Juarez, Mexico, where the Defendant:  identified himself as a Mexican citizen named Gumercindo Garza-Perez, submitted a completed "Application for Immigrant Visa and Alien Registration," and swore to the truth and completeness of statements within the

8

immigrant visa application.  The Defendant's immigrant visa application contained the following materially false statements and omissions:

      a.     That the Defendant had not used and was not known by any name other than Gumercindo Garza-Perez, while also fraudulently concealing that he had previously and repeatedly used and was known by the name Gerardo Vasquez/Vazquez;

      b.     That the Defendant was eligible to receive an immigrant visa because he had not been convicted of and had not admitted committing a violation of any law relating to a controlled substance, while also fraudulently concealing his 1989 admissions to and conviction for the Texas state felony offense of aggravated possession of marijuana, which rendered the Defendant ineligible for an immigrant visa; and

      c.     That all of the Defendant's statements in his immigrant visa application were true and complete to the best of his knowledge and belief, as the Defendant had sworn under oath before a consular official—when in fact, as previously noted, the Defendant repeatedly lied to the consular official by fraudulently concealing his prior felony drug conviction under an alias name, which rendered the Defendant ineligible for an immigrant visa.

13.     On or about March 2, 1994, the Department of State, through its officials, unaware that the Defendant had previously been convicted of a felony drug offense, approved the Defendant's immigrant visa application.  On or about the same day, with an immigrant visa issued to him under the name Gumercindo Garza Perez, the Defendant entered the United States in El Paso, Texas, as a permanent resident alien.

14.   _Early termination of the Defendant's probation as Gerardo Vasquez_.  In

June 1994, the Defendant as Gerardo Vasquez applied for and was granted early

termination of his 1989 probation.  In addition to discharging the Defendant from

probation, the early-termination order dismissed the criminal charge to which he had

pleaded guilty, set aside his 1989 conviction, and released him from all penalties and

disabilities resulting from that conviction.  Pursuant to 8 U.S.C. § 1101(a)(48)(A), the

Defendant nonetheless remained convicted of a felony drug offense.

15.   _The Defendant's Texas driver's license in his true name_.  Beginning from

on or about March 17, 1995, the Defendant secured and retained a Texas driver's license in

the name of Gumercindo Perez Garza.

## C.   THE OFFENSE

1.   The "Introduction" and "Formation of the Scheme, Trick, and Device" parts

of this Count are hereby incorporated by reference and re-alleged in full.

2.   The "scheme" to which this Count refers is the Defendant's scheme–from

on or about November 8, 1984, and continuing to his fraudulent naturalization as a United

States citizen on or about May 21, 2010, within the Western District of Texas and

elsewhere–to falsify, conceal, and cover up his ineligibility for legal status to be admitted

into and remain within the United States.

3.   From on or about November 6, 2009, and continuing to on or about May 21,

2010, within the Western District of Texas, and elsewhere, the Defendant,

GUME ROBERTO GARZA, a/k/a
Gumercindo Garza Perez,
Gumercindo Garza-Perez, Gumercindo Perez Garza,
Gumercindo P. Perez, Gume P. Garza,
Gume Garza, Gerardo Vasquez, Gerardo Vazquez,

in a matter within the jurisdiction of the executive branch of the United States—namely

consideration and determination of the Defendant's application for naturalization by

USCIS—did knowingly and willfully falsify, conceal, and cover up by a trick, scheme, and

device material facts hereinafter set forth.

4.      As part of this scheme, trick, and device, in an "Application for

Naturalization" (Form N-400)—which the Defendant, under the name Gumercino Garza

Perez, certified as "all true and correct" under penalty of United States perjury laws (Form

N-400, Part 11), and caused to be submitted on or about November 2009 to USCIS—the

Defendant knowingly and willfully falsified, concealed, and covered up the following

material facts:

| Defendant's Falsifications | Material Facts Concealed and Covered Up |
|---|---|
| (1)  That the Defendant had never used a name other than Gumercindo Garza Perez, Gumercindo P. Garza, Gume P. Garza, and Gume Garza (Form N-400, Part 1.A-C) | The Defendant used the name Gerardo Vasquez/Vazquez in connection with his arrests in 1989 and 1992, and Texas driver's licenses issued to him from 1984 through 1993 (Form N-400, Part 1.C) |
| (2)  That the Defendant had never claimed to be a U.S. citizen (Form N-400, Part 10.A.1) | The Defendant claimed to law enforcers in 1989 and 1992, and to the Texas Department of Public Safety dating back to 1984, that he was born in Texas, and had a date of birth and social security number which belonged to U.S. citizen Gerardo Vazquez (Form N-400, Part 10.A.1) |
| (3)  That the Defendant had never been arrested, cited, or detained by any law enforcement officer for any reason (Form N-400, Part 10.D.16) | In 1989 and 1992, the Defendant was arrested, cited, and detained by law enforcement officers for committing crime (Form N-400, Part 10.D.16) |
| (4)  That the Defendant had never been charged with committing any crime or offense (Form N-400, Part 10.D.17) | In 1989 and 1992, the Defendant was charged with committing criminal offenses (Form N-400, Part 10.D.17) |

11

| | |
|---|---|
| (5)  That the Defendant had never been convicted of a crime or offense (Form N-400, Part 10.D.18) | In 1989, the Defendant was convicted of the Texas state felony offense of aggravated possession of marijuana (Form N-400, Part 10.D.18) |
| (6)  That the Defendant had never been placed on probation (Form N-400, Part 10.D.20) | In 1989, the Defendant was placed on probation as his sentence for the Texas state felony offense of aggravated possession of marijuana (Form N-400, Part 10.D.20) |
| (7)  That the Defendant had never been in jail or prison (Form N-400, Part 10.D.21) | In 1989 and 1992, the Defendant was in jail upon his arrests for drug offenses (Form N–400, Part 10.D.21) |
| (8)  That the Defendant had never sold or smuggled controlled substances, illegal drugs, or narcotics (Form N-400, Part 10.D.22.c) | In 1989, the Defendant transported within Texas approximately 140 pounds of marijuana (Form N-400, Part 10.D.22.c) |
| (9)  That the Defendant had never given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal (Form N-400, Part 10.D.23) | In 1992, the Defendant told U.S. government officials that he was born in Texas and had a birth date and social security number, which belonged to U.S. citizen Gerardo Vazquez, to prevent the Defendant's detection as an illegal alien and subsequent deportation, exclusion, or removal from the United States.  In 1994 when applying for and securing an immigrant visa, the Defendant falsely represented that he had not been convicted of and had not admitted committing a violation of any law relating to a controlled substance which rendered him ineligible for an immigrant visa (Form N-400, Part 10.D.23) |
| (10)  That the Defendant had never lied to any U.S. Government official to gain entry or admission into the United States (Form N-400, Part 10.D.24) | In 1994 to gain entry and admission into the United States through his granted application for an immigrant visa, the Defendant lied about his criminal record to U.S. Government officials (Form N-400, Part 10.D.24) |

5.      As part of this scheme, trick, and device, the Defendant submitted to an in-

person under-oath interview with an immigration officer in San Antonio, Texas, on or

about February 8, 2010, during which the Defendant willfully falsified, concealed, and

covered up the following material facts:

a.      The same material facts identified in the preceding paragraph of this

Indictment (Form N-400, Part 13); and

b.        The Defendant falsely denied that he had ever been arrested, after the immigration officer confronted the Defendant with the 1992 drug-offense arrest under the name Gerardo Vasquez attributed to the Defendant in a rap sheet held by the immigration officer (Form N-400, Parts 10.D and 13).

6.        As part of this scheme, trick, and device, in response to USCIS' requests for additional information from the Defendant concerning whether he had previously been arrested, the Defendant in latter February 2010 caused to be submitted to USCIS in San Antonio, Texas, documents from federal and Texas state government officials attesting to the absence of any criminal record under the name Gumercino Garza Perez, through which the Defendant perpetuated his falsification, concealment, and cover up of material facts previously specified herein.

All in violation of Title 18, United States Code, Section 1001(a)(1).

## COUNT TWO
[18 U.S.C. § 1015(a)]

On or about February 8, 2010, within the Western District of Texas, the Defendant,

GUME ROBERTO GARZA, a/k/a
Gumercindo Garza Perez,
Gumercindo Garza-Perez, Gumercindo Perez Garza,
Gumercindo P. Perez, Gume P. Garza,
Gume Garza, Gerardo Vasquez, Gerardo Vazquez,

did knowingly make false statements under oath in a proceeding and matter relating to, under, and by virtue of laws of the United States relating to naturalization—in that the Defendant, in connection with his application for naturalization and interview with an immigration officer concerning such application, falsely swore under oath that he had never been arrested when, as the Defendant then well knew, he had been (a) arrested, convicted,

13

and sentenced to probation in 1989 for the Texas state felony offense of aggravated

possession of marijuana and (b) arrested in 1992 in Texas for a federal felony drug

offense -- all in violation of Title 18, United States Code, Section 1015(a).

### COUNT THREE
[18 U.S.C. § 1425(a) and 8 U.S.C. § 1451(e)]

From on or about November 6, 2009, and continuing to on or about May 21, 2010,

within the Western District of Texas, and elsewhere, the Defendant,

GUME ROBERTO GARZA, a/k/a
Gumercindo Garza Perez,
Gumercindo Garza-Perez, Gumercindo Perez Garza,
Gumercindo P. Perez, Gume P. Garza,
Gume Garza, Gerardo Vasquez, Gerardo Vazquez,

did knowingly procure, contrary to law, his own naturalization as a citizen of the United

States of America -- all in violation of Title 18, United States Code, Section 1425(a) and

Title 8, United States Code, Section 1451(e).

A TRUE BILL.


GRAND JURY FOREPERSON


ROBERT PITMAN
United States Attorney


BY:
MICHAEL R. HARDY
Assistant United States Attorney

14